**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MICHAEL P. JOHNSON**                                                                                  **PLAINTIFF**

**V.**                                        **NO. 4-05-CV-01773 GTE**

**DR. FRANCIS HARVEY, in his
individual and official capacity as
SECRETARY OF THE UNITED STATES ARMY**                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
GRANTING PARTIAL SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Partial Summary Judgment to which Plaintiff has responded. After reviewing the submissions of the parties and the record in its entirety, the Court concludes that the motion should be granted.

Plaintiff Johnson has filed two claims of discrimination, one for age discrimination and one for retaliation. As to the age discrimination claim, Plaintiff contends that R.E.Rogers discriminated against him on the basis of his age by failing to select Plaintiff for an attorney position. As to the retaliation claim, Plaintiff contends that Ralph Allen, who was chairing a three person committee for an attorney position for which Plaintiff applied, retaliated against him by giving him a low rating in retaliation for Plaintiff's prior involvement in an EEO claim involving a friend of Mr. Allen's.

Defendant seeks summary judgment solely on the claim for retaliation. For the reasons stated below, the Court finds that the Plaintiff has failed to come forward with evidence sufficient to permit a finding in his favor. Accordingly, the retaliation claim will be dismissed.

**FACTS WITHOUT MATERIAL CONTROVERSY**

Plaintiff Michael P. Johnson, a male, was hired on August 30, 1999, as an employee of the U.S. Army Corps of Engineers ("Corps"), Little Rock District. Mr. Johnson is an attorney. He was initially hired as a term attorney/advisor in the Real Estate Division of the Corps' Little Rock District for a four year appointment. On May 5, 2001, the Plaintiff was transferred to the Corps' Office of Counsel ("OC"). In January of 2001, the Little Rock District announced the position of General Attorney, GS-0905-11/12 in the OC (hereinafter referred to as the "General Attorney position"). A total of nine attorneys – including Plaintiff Johnson – applied for the General Attorney position. Plaintiff was not selected for the position. Both of his claims in this lawsuit relate to his application and non-selection for the General Attorney position.

The selecting official for the general attorney position was R.E. Rogers. Mr. Rogers has been the chief of OC since 1980. Mr. Rogers asked Ralph Allen, an OC attorney, to chair a three-member panel for the purpose of reviewing the nine applications for the General Attorney position and referral of a short list of the best qualified candidates. The other two panel members were Kenneth Carter, a non-attorney, and Nancy Brooks, an attorney.

Mr. Rogers provided the panel with evaluation criteria, consisting of five Knowledge, Skills and Abilities (KSA's) criteria. Each KSA had a maximum score of ten points, for a total maximum score of 50 points. The five KSA's used to evaluate the candidates were:

> (1) Knowledge and experience in government contract law;
> (2) Experience in litigation, either judicial or administrative;
> (3) Knowledge and experience in at least some of the following
> areas: Labor or Employment Law, Procurement Fraud, Civil
> Works, Administrative Law, Ethics, Fiscal Law, Torts or
> Admiralty, Real Estate, Environmental Law, and Corps Regulatory
> Program
> (4)  Ability to work effectively with others;
> (5) Ability to communicate effectively both orally and in writing.

Each panel member ranked each of the nine candidates based on the above five criteria. The panel ranked the applicants by total composite score and by order (ordinal ranking). Mr. Allen ranked the Plaintiff eighth out of the nine candidates for the position. The other two panel members ranked Johnson first and third. Despite the low ranking by Mr. Allen, the Plaintiff's overall ranking placed him fourth among the applicants.

On March 14, 2001, Mr. Allen gave Mr. Rogers a list of the panel's top four candidates in alphabetical order. The four applicants, their age, and panel ranking, were as follows:

> First -- William Benton (age 54)
> Second (tie) - Paul A. (Alex) Petty (age 34)
> Second (tie) - Steve Hughes (age 52)
> Third - Plaintiff Michael Johnson (age 51)

Mr. Allen gave the Plaintiff two points out of a possible ten for litigation experience, even though Plaintiff had eight years of experience in private practice and had handled a wide variety of cases. However, Mr. Allen awarded Paul Petty all ten points for litigation experience.

Mr. Rogers alone had the authority to selection the General Attorney position. Mr. Rogers interviewed the top four candidates, based on the panel's ranking. Initially, Mr. Rogers was not provided with information to show how the individual panel members had ranked the candidates. Prior to the interviews, however, Mr. Rogers was provided with the panel members' individual rankings of the candidates.

Plaintiff was interviewed on March 22, 2001. Mr. Rogers' first question during the interview was to ask the Plaintiff his age. Mr. Rogers made other age related comments both during and outside the scope of the interview. For example, he is alleged to have commented that the Corps needed "younger blood" prior to making the hiring decision, as well as other statements from which an age related animus could be inferred.

Mr. Rogers selected the youngest applicant – Paul Petty – for the position. Plaintiff

- 3 -

asserts that Mr. Rogers' selection was improperly influenced by age.  The Defendant is not seeking summary judgment on the age discrimination claim against Mr. Rogers.  That issue must therefore be resolved at trial.

Plaintiff's retaliation claim involves the assertion that Mr. Allen gave him a low rating because of Johnson's statement to an EEO counselor on August 10, 2000, regarding the discrimination claim of Joe Craig, a co-employee of Johnson in the Real Estate Division.  Mr. Craig named the Plaintiff as a potential witness.  The Plaintiff was interviewed at the informal stage of Mr. Craig's complaint.  Plaintiff's testimony did not support Mr. Craig's claim of discrimination.  Subsequently, Mr. Craig filed a formal complaint, in which the Plaintiff appears to have had no involvement.  The investigation of Mr. Craig's formal complaint began on May 31, 2001, which was after the Plaintiff had been notified of his non-selection for the General Attorney position.  The Corps and Mr. Craig agreed to settlement terms on June 1, 2001.

Plaintiff alleges that Mr. Craig and Mr. Allen are friends.  Mr. Allen is further alleged by Plaintiff to have been the person who recommended to the Corps that it settle the claim made by Mr. Craig, which was done.[1]  Plaintiff claims that Mr. Allen gave him low ratings in retaliation for Plaintiff's refusal to offer testimony favorable to Mr. Craig's claim of discrimination.

Defendant claims that he is entitled to judgment as a matter of law on the retaliation claim.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the

---

[1] Mr. Allen disputes that this is so.  In any event, this factual dispute is immaterial in view of the lack of evidence that Mr. Allen knew anything about Plaintiff's limited involvement in Mr. Craig's EEO proceeding.  *See* discussion, *infra*.

dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[] out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)(brackets in original)).

As noted above, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the moving party is not required to support its motion with affidavits or other

similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## DISCUSSION

Title VII prohibits an employer from retaliating against an employee because he or she "has opposed any practice made an unlawful employment practice by this subchapter," or "has made a charge" of harassment, or has "participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §§ 2000e-3(a).  Title VII is broad enough to provide protection against an individual who participates "in any manner" during an investigation into employment practices made unlawful under the statute.  Defendant concedes that it is undisputed that giving a statement in connection with a co-employee's EEO complaint is protected activity under Title VII.

In this context, the Plaintiff must show the following to establish a prima facie case of retaliation: (1) that he engaged in activity protected by Title VII; (2) that he suffered an adverse employment action; and (3) that there is a causal connection between the protected activity and the adverse employment action. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 936 (8th Cir. 2006); *Arraleh v. County of Ramsey*, 461 F.3d 967, 977 (8th Cir. 2006).

Defendant concedes that Plaintiff engaged in protected activity, but challenges the second and third elements of a prima facie case.

**Adverse Employment Action**

In *Burlington Northern and Sante Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2412-13 (2006), the Supreme Court resolved a circuit split regarding whether a challenged employment action must be employment or workplace related and how harmful the action must be to constitute retaliation. The *White* Court expanded the definition of those employment actions which may be successfully challenged as retaliation. For a retaliation claim (as opposed to a claim of discrimination on a prohibited factor such as race or sex), the test is whether:

> a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

*White,* at 2415.

After considering the issue, the Court is compelled to reject Defendant's argument that Allen's decision to score the Plaintiff lower does not rise to the level of an adverse employment action. A reasonable employee could be deterred from participating in an EEO investigation if as a result, he suffers the penalty of being ranked artificially low when he seeks a job promotion. In rejecting Defendant's argument, the Court is mindful of the following comments by the *White* Court:

> We phrase the standard in general terms because the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters. The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed." *Oncale, supra,* at 81-82, 118 S.Ct. 998. . . . A supervisor's refusal to invite an employee to lunch is normally trivial, a nonactionable petty slight. But to retaliate by

- 7 -

> excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination.

*White*, *supra*, at 2415-16.

The Court rejects Defendant's contention that Plaintiff cannot create a genuine issue of material fact on the issue of whether he suffered an adverse employment action.

### Causal Connection

Th third essential element is more problematic. Plaintiff's prior EEO activity occurred in August 2000, when he gave a witness statement regarding the discrimination claim of co-employee, Joseph Craig. The subsequent retaliation by Mr. Allen allegedly occurred on March 14, 2001, when the evaluation panel ranked the candidates for the General Attorney position. The seven month gap in these two events does not present the type of temporal connection that might permit the trier of fact to find a causal link without any other evidence. Accordingly, this case, like most cases, requires something more than a temporal connection to create a genuine factual issue as to whether Plaintiff was subjected to unlawful retaliation. *See, e.g., Arraleh v. County of Ramsey*, 461 F.3d 967, 976-78.

A plaintiff cannot establish retaliation for protected activity unless the plaintiff can show that the decision-maker responsible for the adverse employment action knew about the plaintiff's protected activity. *Robinson v. Potter*, 453 F.3d 990, 994 (8th Cir. 2006)(federal sector case); *Brower v. Runyon*, 178 F.3d 1002, 1007 (8th Cir. 1999)(federal sector case). Plaintiff Johnson has failed to come forward with any evidence to permit a finding that Mr. Allen was aware on March 14, 2001, that the Plaintiff had given a witness statement in connection with Mr. Craig's EEO complaint in August of 2000 or that Plaintiff had been involved in any manner in Mr. Craig's EEO proceeding.

Plaintiff has attached to his response portions of a transcript of Mr. Allen's testimony before Investigator Watkins. Therein, Mr. Allen acknowledges that he had acted as an EEO counselor and that he routinely had coffee with Joe Craig. Mr. Allen testified that after learning that Mr. Craig had filed an EEO complaint, he purposefully distanced himself from Mr. Craig and that he "put off talking" to him. (Pl.'s Exh. D at p. 67). Mr. Allen, when specifically questioned as to whether he was involved in any way in the preliminary EEO investigation during which Mr. Johnson provided a statement, indicated that he was not involved. Mr. Allen unequivocally testified that he "had no idea" that the Plaintiff Johnson was involved in Mr. Craig's EEO investigation. (*Id.*, at p. 68).

Nor has Plaintiff controverted the affidavit of Ralph Allen tendered by the Defendant. Therein, Mr. Allen states:

> Under penalty of perjury, I declare that at all times prior to and including the date of selection of a candidate to fill the above General Attorney position, I was unaware of the plaintiff's participation in any EEO protected activity. More specifically, I was unaware of any participation by the plaintiff in EEO complaints filed by Mr. Joe Craig. . . .

(Affidavit of Ralph Allen, Exh. 1 to Def.'s motion).

Because the Plaintiff cannot establish the required causal link between activity protection by Title VII and the alleged adverse employment action, he can not prevail on his retaliation claim.

**CONCLUSION**

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Defendant's Motion for Partial Summary Judgment (Docket No. 35) be, and it is hereby, GRANTED. Plaintiff Michael Johnson's claim of unlawful retaliation is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 21st day of December, 2006.

                                           _/s/Garnett Thomas Eisele_____
                                           UNITED STATES DISTRICT COURT