**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MICHAEL P. JOHNSON**                                                                                          **PLAINTIFF**

**V.**                                                   **NO. 4-05-CV-01773 GTE**

**DR. FRANCIS HARVEY, in his
individual and official capacity as
SECRETARY OF THE UNITED STATES ARMY**                                   **DEFENDANT**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Order is entered in substitution for the Court's ruling from the bench at the conclusion of the bench trial on January 10, 2007.[1]

At issue in this case is whether R.E. Rogers discriminated against the Plaintiff Michael Johnson on the basis of his age, 51, when Rogers failed to select Plaintiff for a GS-11 general attorney position. Mr. Rogers is chief of the Office of Counsel for the U.S. Army Corps of Engineers, Little Rock District. The Court previously issued a Memorandum Opinion and Order, therein discussing the facts surrounding Mr. Johnson's claim. (Order filed 12/21/2006, Docket # 22). The facts presented at trial were consistent with the facts discussed in the Court's prior Order (although the Order did not specifically address Plaintiff's age discrimination claim).

The Court must resolve the following factual disputes: (1) whether Plaintiff's age played a part in Mr. Rogers' decision not to hire the Plaintiff; and (2) whether Plaintiff would have been selected for the position in the absence of any considerations of age. Those factual disputes are discussed in greater detail below.

---

[1] This Order reaches the same conclusion as the Court's ruling from the bench.

- 1 -

**Legal Analysis - Pretext or Mixed-Motive?**

The Age Discrimination in Employment Act (ADEA) (29 U.S.C.A. §§ 621 *et seq*.) makes it unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of an individual's age.  Age discrimination cases have typically been analyzed under the same approach used in Title VII cases.  Two alternative approaches have developed for analyzing discrimination cases – the *McDonnell/Douglas*[2] pretext analysis, or the *Price-Waterhouse*[3] mixed-motive analysis.

In a mixed motive case, a plaintiff who proves that a prohibited factor was a motivating factor or played a part in a defendant's decision is entitled to prevail unless the defendant proves that it would have made the same decision even if it had not considered the prohibited factor. *See* 8th Circuit Model Jury Instruction 5.11B.  A mixed motive analysis proceeds on the presumption that a forbidden motive influenced the challenged employment decision.

In *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148 (2003), the Supreme Court held that direct evidence is not necessary to prove employment discrimination in mixed motive cases under Title VII.  Prior to *Desert Palace*, some courts had assumed that a mixed motive approach could only be used where a plaintiff could point to direct evidence of discriminatory motive.  *Desert Palace* lessens the focus on "direct evidence" by providing that a discrimination plaintiff "need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that race, color, religion, sex, or national origin was a motivating factor for any employment practice." *Id.*, 123 S.Ct. at 2155 (internal italics omitted).  *Desert*

---

[2] *McDonnell Douglas Corp. v. Green,* 441 U.S. 792, 99 S.Ct. 2400, 60 L.Ed.2d 646 (1973).

[3] *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

*Palace* was a Title VII case.  To this Court's knowledge, neither the Supreme Court nor the Eighth Circuit have specifically ruled on whether the same standard applies in age discrimination cases.   There is an apparent disagreement among the Circuits on the issue.  Compare *Rachid v. Jack in the Box, Inc*., 376 F.3d 305, 311 (5th Cir. 2004)(extending *Desert Palace* to ADEA) with *EEOC v. Warfield-Rohr Casket, Inc.*, 364 F.3d 160, 164, n.1 (4th Cir. 2004)(expressing doubt that *Desert Palace* would be applied to the ADEA).

  The Court assumes for purposes of this case that if the Eighth Circuit were presented with the issue it would hold that an age discrimination plaintiff is entitled to the benefit of a mixed-motive analysis where the proof justifies such an approach and that it would not require proof of direct evidence to apply such an analysis.[4]  However, this Court foresees potential problems with extending the *Desert Palace* analysis to make it easier to apply a mixed motive analysis case without first making some adjustments for the fact that age is different from the Title VII prohibited factors.  Age, unlike sex or race, is frequently correlated with legitimate employer concerns such as the impact on an organization of an aging workforce.   And so the difficult question arises:  how does an employer walk the fine line between legitimate employer concerns and age discrimination.  Or, stated otherwise, which age-related factors should it be safe to consider in making employment decisions?

  Arguably, the proof in this case is sufficient to trigger analysis under the mixed-motive approach even absent the application of *Desert Palace*.  The decision-maker in this case, Mr. Rogers, made age-related comments that are arguably sufficient to constitute direct evidence of an age based animus.  These comments are discussed in greater detail below.  The Court

---

[4] If the Eighth Circuit determines that a mixed motive analysis should be applied in age discrimination cases, hopefully it will offer some guidance for the lower courts for applying the analysis in such context.

- 3 -

concludes that a mixed-motive analysis is appropriate in this case, either because Plaintiff has presented sufficient evidence that age was a motivating factor, as required by *Desert Palace,* or because Plaintiff has presented direct evidence of age based animus.

### **Plaintiff Would Not Have Been Selected for the Position**

The Court begins by answering the critical question in this case: whether Mr. Johnson would have been hired absent the alleged age discrimination. The Defendant bears the burden of proving that it would have rejected Mr. Johnson's application for the position absent any consideration of Mr. Johnson's age.

The Court concludes that the Plaintiff Michael Johnson would not have been selected for the General Attorney GS 11 position he sought in March of 2001, whether or not Mr. Rogers favored Mr. Petty because of his age or considered Mr. Johnson's age. The Court accepts Mr. Rogers' testimony that Mr. Johnson was not the most qualified of the four candidates considered for the position. The Court also accepts Mr. Rogers' testimony that he would not have offered the position to Mr. Johnson in any event.

Mr. Rogers's testimony on this point is credible. It is supported by the conclusion of the independent panel, which ranked all nine applicants and then passed on the top four rated applicants to Mr. Rogers. Mr. Johnson (age 51) was ranked last with Mr. Benton (age 54) ranked first and Mr. Petty (age 34) and Mr. Hughes (age 52) tied for second. In fact, Mr. Johnson's name came close to not even being submitted since the panel originally intended to send Mr. Rogers a list of the top three candidates. Due to the tie, however, the panel decided to provide Mr. Rogers with the names of four candidates.

The Court agrees with the Defendant that here we do not have a situation where a Plaintiff's qualifications are clearly superior to the other candidates. Indeed, on this record, the

- 4 -

Court concludes that the Plaintiff, while qualified, was the least qualified of the four candidates submitted to Mr. Rogers.

In making these findings, the Court does not credit Mr. Rogers' after-the-fact reliance on Mr. Johnson's court-martial as an alternative reason for not hiring Mr. Johnson.[5] The Court's finds the testimony regarding Mr. Johnson's prior court-martial for possession and use of marijuana useful for only one purpose: its effect on Plaintiff's credibility. Plaintiff failed to disclose his prior court-martial in applying for employment with the Corps of Engineers. The Court does not credit Plaintiff's explanation for this failure. The Court finds that if the Plaintiff had been truthful he would have disclosed his prior court-martial. The fact that he failed to do so bears upon his credibility. The Court also finds that Plaintiff's failure to candidly and honestly respond to the questions was also likely to doom his chances.

The hiring process in this case, despite the use of the panel's application of objective criteria, was predominately a subjective process. It does not appear that Mr. Rogers based his selection on the application of objective criteria. If he had done so, one would suspect that he would likely have offered the job to Mr. Benton, the person clearly ranked highest by the panel and a person with twenty-eight years of experience. The application of subjective criteria, in this Court's view, creates the possibility of improperly excluding applicants without giving them a fair chance at employment, tends to lead to a homogenous workforce, and is generally not good for existing employee morale. It does not, however, in this case, violate federal law. "Courts do not review the wisdom or fairness of employers' business judgments, other than to determine

---

[5] The Court agrees with the Plaintiff that his prior court martial should not, in and of itself, constitute a bar to the promotion. But, the Court acknowledges that within the culture of a militarily oriented organization such as the Corps of Engineers Plaintiff's conviction for the possession and use of marijuana – once known – could also have prevented Plaintiff's selection.

whether they involve intentional unlawful discrimination." *Peterson v. Scott County,* 406 F.3d 515, 523 (8th Cir.2005).

The Court's finding that Mr. Johnson would not have been hired in any event is fatal to the Plaintiff's liability claim (under a mixed-motive or a pretext analysis).[6] The Court continues its analysis, however, to consider whether age played a part or was a motivating factor in Mr. Rogers' rejection of the Plaintiff's candidacy. If not, such a finding will provide an independent and alternative basis for finding in Defendant's favor.

**Supplemental Findings and Conclusions**

The Court notes that there is a causation issue in this case. The normal inquiry in an age discrimination lawsuit is whether the <u>plaintiff</u>'s age caused him to suffer an adverse employment action. Here, much of the evidence tendered appeared to focus on the contention that Mr. Rogers favored Mr. Petty because of Mr. Petty's younger age, or, stated differently, that Mr. Rogers selected Mr. Petty because he was young. The flip side of favoring one candidate because of his youth is that an older candidate is disfavored because he is older. In the case of two qualified applicants – one older and one younger – where the younger candidate is favored because of his youth, evidence of such favoritism would bear directly upon the question of whether the older candidate was a victim of age discrimination. However, that logic does not hold true under the

---

[6] In *Price-Waterhouse*, the Supreme Court held that an employer would be absolved of any liability under Title VII if it prevailed on the affirmative defense that it would have made the same employment decision absent consideration of the prohibited factor. *Price-Waterhouse v. Hopkins*, 490 U.S. 228, 242, 258 (1989). Two years after the *Price-Waterhouse* decision, Congress enacted the Civil Rights Act of 1991 ("CRA"), which amended Title VII. The CRA altered the legal consequences of an employer's affirmative defense by providing that such proof would "not absolve it of liability, but [would instead] restrict[] the remedies available to a plaintiff." *Desert Palace, supra*, 539 U.S. at 94-95; *see also* 42 U.S.C. § 2000e-5(g)(2)(B). Because Congress did not similarly amend the ADEA, ADEA mixed-motive cases remain subject to the *Price-Waterhouse* analysis.

facts of this particular case.  The fact that Mr. Johnson was the least qualified of the four applicants, and would not have been selected even if Mr. Petty had not been selected, eliminates any causation between Mr. Petty's age and Mr. Roger's rejection of Mr. Johnson.  For that reason, it is arguably irrelevant that Mr. Rogers may have favored Mr. Petty because of his youth.

Even so, to complete the record the Court will discuss the issue further.  The Court also finds that even assuming that Mr. Rogers was influenced by Paul Petty's age in deciding to offer him the position, Mr. Rogers would have made the same decision, *i.e.*, he would have offered the position to Mr. Petty regardless of any considerations of age.  Mr. Rogers testified that three things about Mr. Petty stood out: (1) his considerable trial experience; (2) his prior JAG experience; and (3) the fact that he was a "known quantity."  The Court finds that Mr. Rogers was greatly influenced by each of these considerations.  It also is satisfied that one of these factors had the greatest influence on Mr. Rogers' decision to hire Mr. Petty.  Mr. Rogers favored Mr. Petty, in the opinion of the Court, simply stated, because he knew him, liked him, and felt he was ideally qualified for this particular position.  Previously, Mr. Rogers had worked with Mr. Petty when Mr. Rogers' Reserve Unit served with Mr. Petty's active duty unit.  Mr. Rogers testified that Mr. Petty was a "known quantity" and that he "had been burned" before by hiring individuals on the recommendation of others.

In sum, Mr. Rogers favored Mr. Petty and selected him because he  knew him, liked him, and believed that he was the best qualified.  While Mr. Rogers may have considered it "a plus" that Mr. Petty was young, in the context of this particular case and on the totality of the factual record, the Court finds that Mr. Rogers' selection of Mr. Petty is insufficient alone to permit a finding the Mr. Rogers was motivated by age (either Mr. Petty's youth or Mr. Johnson's older age) in making this hiring decision.

Plaintiff's strongest evidence of age discrimination is the prior age-related comments made by Mr. Rogers. The comments must be placed in the context of the undisputed evidence that the Corps of Engineers was concerned with the anticipated impact of an aging workforce and the effect of a "brain drain" on its workforce. This is a reality facing many employers in our nation. An employer's concern with succession planning, continuity, and the passing on of institutional memory is understandable. Age in this context is thus correlated with legitimate employer concerns.

Therein, lies the problem. How is a Court to distinguish between the legitimate and illegitimate consideration of age. "[F]actors other than age, but which may be correlative with age, do not implicate the prohibited stereotype, and thus are not prohibited considerations." *Schlitz v. Burlington Northern* R.R., 115 F.3d 1407, 1412 (8th Cir. 1997)(citation omitted).

The evidence in this case supports the point that age alone is an insufficient criteria for preventing "brain drain." Mr. Petty left the Corps within two years of being hired. Mr. Riley, a young employee Mr. Rogers hired right out of law school, left relatively soon after being hired. Thus, while the objective of addressing an aging workforce is legitimate, it does not support a hiring policy favoring applicants because of their youth and disfavoring older applicants because of their age.

It is undisputed that Mr. Rogers made various age-related comments. But, it is also undisputed that many of such comments may have been prompted by legitimate employer concerns. The Court is not condoning Mr. Rogers' comments, some of which were insensitive and which may have created an atmosphere in which older attorneys felt devalued. Mr. Rogers admits to commenting in early 1998 that the Corps needed "younger blood." Mr. Rogers announced at a luncheon attended by his employees (after he had selected Mr. Petty) that he now

- 8 -

"had one" of the young attorneys. Mr. Rogers admits asking Plaintiff his age at the very beginning of the interview. Mr. Rogers also has not disputed following that question up, after Plaintiff advised that he was 51, with a comment that Plaintiff was "at the age where your body starts breaking down" or words to that effect.[7] This latter comment, in particular, evidences the type of stereotype that may be a proxy for age discrimination. The Supreme Court has stressed that the ADEA sought to prohibit discrimination based on a stereotype that older individuals were somehow less productive or competent. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S.Ct. 1701 (1993).

However, the Eighth Circuit has held that asking a potential employee how long he intended to work if hired is not sufficient to constitute direct evidence of age discrimination. *Lee v. Rheem Mft. Co.*, 432 F.3d 849 (8th Cir. 2005). Here, Mr. Rogers did not ask the Plaintiff how long he intended to work. He had no need to do so, as it was clear that Plaintiff was not approaching retirement age. Plaintiff, at 51 years of age, would have had to work until at least age 62 to qualify for any retirement benefits. That Mr. Rogers did not ask him about his retirement plans demonstrates that Mr. Rogers was not concerned that if selected, Plaintiff might soon retire. Thus, the Court finds that Mr. Rogers, in making the age related comments during the Plaintiff's interview, was not attempting to comply with some material concern that any of the three older applicants, if selected, might soon retire. Even excluding Mr. Petty (the youngest applicant), none of the other three applicants was near retirement.

Even if Mr. Rogers' age-related comments support a discriminatory propensity or a tendency to favor younger applicants solely because of their age, the Court concludes that Mr.

---

[7] Mr. Rogers explained this comment at trial by stating that he was referring to his own health issues.

Rogers' viewpoint did not subject the Plaintiff Mr. Johnson to an adverse employment action in this particular case. In other words, Mr. Rogers did not reject Plaintiff because of his age. Accordingly, the Court also concludes that Plaintiff failed to prove that his age was a motivating factor in not being selected for the general counsel position.

This is an unfortunate case. The Court can see how the Plaintiff Michael Johnson – due to Mr. Rogers' comments – would have believed that his age was a factor in not being selected. Although the Court has found that such was not Mr. Rogers' subjective intent in rejecting Plaintiff, it is unfortunate that such comments were made because the appearance of impropriety is often as harmful as the impropriety itself.

## CONCLUSION

For the reasons discussed herein, the Court concludes that Plaintiff is entitled to no relief on his Complaint. Judgment will be entered separately.

IT IS SO ORDERED this   24th   day of January, 2007.

                                         /s/Garnett Thomas Eisele
                                         UNITED STATES DISTRICT JUDGE